IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JIM BROWN | * | |
| | * | |
| v. | * | Civil No. JFM-06-1398 |
| | * | |
| ROMA SCHIEFER, ET AL. | * | |
| | ****** | |

MEMORANDUM

This action arises out of an automobile accident on Interstate 83 near Baltimore. Plaintiff, Jim Brown filed suit against the personal representatives of the estates of Drs. Lidia and James Wenz, who were both killed in the accident.  The suit was originally filed in the Circuit Court for Baltimore City and was removed to this court by Madeline Wenz, the personal representative of the estate of James Wenz.  Plaintiff has filed a motion to remand.  The motion will be granted.

Madeline Wenz was served with process on May 6, 2006.  Roma Schiefer, the personal representative of the estate of Lidia Wenz, was served with process on May 23, 2006.  Wenz alleges (and plaintiff does not dispute) that plaintiff did not file a return of service.  On June 2, 2006, Wenz filed her notice of removal.  Schiefer did not join in the notice.

Wenz and Schiefer are represented by the same counsel, and Schiefer now supports the removal of the action to this court.  The rules pertaining to removal are, however, quite technical, and Schiefer's present consent to the removal is not sufficient.  As noted above, Schiefer did not join in the notice of removal.  Moreover, the notice of removal did not provide any explanation for her absence, as the law requires.  *See, e.g. Egle Nursing Home, Inc. v. Erie Ins. Group*, 981 F. Supp. 932, 934-35 (D. Md. 1997); *Nozick v. Davidson Hotel Co.*, No. 03-2988, 2004 WL 34873, at *2 (D. Md. Jan. 6, 2004).

Further, even if that deficiency in the removal notice is not deemed to be dispositive, Schiefer waived her right to remove. Under Fourth Circuit law, she had thirty days after she was served to join in the request for removal. *McKinney v. Bd. of Trustees of Maryland Community College*, 955 F.2d 924, 928 (4th Cir. 1992). Because Schiefer was served on May 23, 2006, the thirty day period expired on June 22, 2006. Schiefer did not state that she consented to removal until joining in the opposition to the motion to remand that was filed on June 29, 2006.

A separate order remanding this action to the Circuit Court for Baltimore City, Maryland is being entered herewith.[1]

Date: August 9, 2006        /s/
                            J. Frederick Motz
                            United States District Judge

---

[1] Because this court lacks jurisdiction in light of the untimely removal, I have not ruled upon defendants' pending motion to dismiss or for partial summary judgment.